IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GEORGE WASHINGTON JR., ET AL.,** | * |
| Plaintiffs, | * |
| v. | * Case No.: RWT 09cv1475 |
| **PEOPLE'S CHOICE HOME LOAN, INC., ET AL.,** | * |
| Defendants. | * |

## **MEMORANDUM OPINION**

Presently pending and ready for resolution in this consumer credit case is Defendant JP Morgan Chase Bank's ("JPMC") Motion to Strike Amended Complaint or, in the alternative, Motion to Dismiss [ECF No. 24], Plaintiffs George and Doris Washington's Motion for Extension of Time to File the Amended Complaint [ECF No. 26], and the Plaintiffs' Motion to Amend/Correct Response in Opposition to JPMC's Motion to Strike [ECF No. 27]. The issues are fully briefed and the Court finds that no hearing is necessary. For the reasons that follow, JPMC's motion, construed as a motion to strike, will be granted, the Plaintiffs' motion for extension will be denied, and the Plaintiffs' motion to amend/correct will be denied as moot.

**I.**

The Washingtons commenced this action on June 5, 2009, by filing a complaint against Defendants People's Choice Home Loan, Inc. ("People's Choice"), Washington Mutual Home Loans, Inc. ("WAMU"), and JPMC for alleged violations of the Maryland Consumer Protection Act, Md. Commercial Law Code § 13-301 ("MCPA") and a claim for fraud. *See* ECF. No. 1. On February 8, 2011, the Court dismissed this case without prejudice as to People's Choice and

WAMU pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 103.8.a for failure to effect service within 120 days of filing the complaint. *See* ECF No. 22.

In the same memorandum opinion and order, the Court granted JPMC's Motion to Dismiss [ECF No. 9] after the Plaintiffs failed to file a motion for leave to file their over two-month late opposition to JPMC's motion to dismiss within the deadline ordered by the Court. *See* ECF No. 22. The Court also concluded that the complaint did not state a claim against JPMC under the MCPA, nor did it state an actionable claim for fraud. *See id*. The dismissal of JPMC was made without prejudice and with leave to file an amended complaint against JPMC within fifteen (15) days of the date of the memorandum opinion and order. *See id.* Plaintiffs were warned that if they "fail to file an amended complaint within this time period, the claims against JPMC shall be dismissed with prejudice." *Id.* On February 24, 2011, sixteen (16) days after the date of the memorandum opinion and order, the Plaintiffs filed an Amended Complaint wherein they dropped their MCPA claim, added a claim under the Fair Debt Collection Practices Act, and retained a slightly modified version of their fraud claim. *See* ECF No. 23.

On March 16, 2011, JPMC filed a motion to strike the amended complaint or, in the alternative, motion to dismiss. *See* ECF No. 24. JPMC argues that the Amended Complaint should be stricken because it was filed out of time without a showing of good cause or excusable neglect and without Plaintiff moving for or receiving leave of Court, in contravention of Federal Rule of Civil Procedure 6(b) and the Court's Local Rules. *Id.* In the alternative, JPMC moves to dismiss Plaintiff's Amended Complaint for failure to satisfy the notice requirements of Federal Rule of Civil Procedure 8(a), for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for failure to plead fraud with sufficient particularity pursuant to Federal Rule of

Civil Procedure 9(b). *Id.* JPMC also seeks sanctions and an award of its fees and costs in preparing its response to the Amended Complaint pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and 15 U.S.C. § 1692k(a)(3). *Id.*

The Washingtons filed a response in opposition to JPMC's motion on April 4, 2011, *see* ECF No. 25, and moved to amend/correct the opposition to include exhibits on April 6, 2011, *see* ECF No. 27. On April 5, 2011, the Washingtons filed a Motion for Extension of Time to File the Amended Complaint, *see* ECF No. 26, which JPMC opposed, *see* ECF No. 29.

## II.

Requests for an extension after a deadline has passed are governed by Fed R. Civ. P. 6(b)(1)(B), which provides that a court may, for good cause, "extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." The Fourth Circuit has noted that " '[e]xusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996).

In determining whether neglect is excusable, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993). The most important of the factors identified in *Pioneer* for determining whether neglect is excusable is the untimely party's reason for delay. *Thompson*, 76 F.3d at 534; *see also United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) ("[T]he *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import.")

Here, the only excuse given for the delay is that counsel for Plaintiffs "is a solo practitioner with limited resources and a full schedule." *See* ECF No. 26, p. 2. Even if the other *Pioneer* factors counsel in favor of Plaintiffs, "to the extent that [the] untimely filing is the result of a heavy caseload . . ., Plaintiffs' neglect is not excusable." *Jones v. Giant of Maryland,* LLC, 08cv0304, 2010 WL 3677017, *at 7 (D.Md. Sept 17, 2010) (internal citations omitted). Moreover, although the delay in filing the Amended Complaint and the resulting danger of prejudice to JPMC appears minimal in isolation, the untimely filing of the Amended Complaint is only the latest example of "inexcusable run-of-the-mill inattentiveness by counsel." *See Thompson*, 76 F.3d at 534. Despite repeated admonishment from the Court, Plaintiffs have continued to miss deadlines in this matter such that this case has now been pending for almost two years without the issuance of a scheduling order. *See* ECF Nos. 6, 13, and 22. The Court will accordingly deny Plaintiffs' motion for an extension of time to file an amended complaint and grant JPMC's Motion to Strike Amended Complaint or, in the alternative, Motion to Dismiss, construed as a motion to strike.

Within the motion to strike, JPMC also requests sanctions and an award of its costs and fees in preparing its response to the Amended Complaint pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and 15 U.S.C. § 1692k(a)(3). *See* ECF No. 24, at 9-10. JPMC argues that sanctions are appropriate in this case based on Plaintiffs' multiple missed deadlines, meritless claims, and unsigned and error laden Amended Complaint. *Id*. The behavior complained of appears to be more reflective of sloppy record-keeping practices and negligence on the part of counsel for the Plaintiffs than a significant failure to comport with procedural norms sufficient to warrant the imposition of sanctions. Although sympathetic to JPMC's justified exasperation, a

motion for sanctions is not properly embedded in a separate motion, *see* Fed. R. Civ. P. 11(c)(2), and the Court declines to grant an award of sanctions in this case.

**III.**

The Court shall therefore deny the Washington's Motion for Extension of Time to File the Amended Complaint [ECF No. 26], grant JPMC's Motion to Strike Amended Complaint or, in the alternative, Motion to Dismiss, construed as a motion to strike [ECF No. 24], and deny as moot Washington's' Motion to Amend/Correct Response in Opposition to JPMC's Motion to Strike [ECF No. 27]. A separate order follows.

<u>Date</u>: May 6, 2011                                    /s/
                                                                  Roger W. Titus
                                                                  United States District Judge